IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20152-CR-MOORE

UNITED STATES OF AMERICA,
        Plaintiff,
vs.

ELIZABETH HERNANDEZ,
        Defendant.
_____/

## MOTION IN LIMINE FOR A PRE-TRIAL RULING ON THE ISSUE OF ATTORNEY-CLIENT PRIVILEGE

COMES NOW the Defendant, MS. ELIZABETH HERNANDEZ, by and through undersigned counsel, and pursuant to Rule 12 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendment of the United States Constitution, hereby moves this Court for a pre-trial ruling on the issue of attorney-client privilege, specifically to exclude certain evidence that is attorney/client privilege, and in support thereof states the following:

### FACTS

1. On November 20, 2020, Ms. Hernandez retained the Law Offices of Jeffrey S. Weiner, P.A. (hereinafter "the firm"), for purposes of representation in the pre-arrest / pre-indictment stages of the above-referenced matter. [Exh. 1]

2. On March 15, 2021 Attorney Nadler, an attorney for the firm, provided Ms. Hernandez with a copy of a letter from DOJ Trial Attorney Sara M. Clingan, dated March 8, 2021, regarding the "Proffer of Elizabeth Hernandez". [Exh. 2]

3. The letter discussed the parameters of a meeting between Ms. Hernandez and the government, in which Ms. Hernandez would provide the government with a proffer.

4. Prior to Ms. Hernandez' proffer to the government, and in connection with the letter provided by the government, Attorney Nadler and Ms. Hernandez had privileged communications about cooperation with the government pre-Indictment.

5. During those communications, Attorney Nadler provided legal advice to Ms. Hernandez on the aforementioned aspects of the case.

6. As a result of the aforementioned communications and legal advice Attorney Nadler provided, and in preparation of Ms. Hernandez' virtual meeting with the government, Ms. Hernandez prepared a statement for her attorney's review.

7. Specifically, one of the documents found in Ms. Hernandez' home, GX 510, was a result of the aforementioned attorney-client privileged communication. [Exh. 3]

## LAW

"'The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice.'" *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (protecting from disclosure the communications made by Upjohn employees to counsel for Upjohn, at the direction of corporate superiors, in order to secure legal advice from counsel). The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication. *United States v. Bauer,* 132 F.3d 504, 507 (9th Cir. 1997)(conviction reversed because defendant established that his bankruptcy attorney's testimony at defendant's criminal trial was a violation of attorney-client privilege). The attorney-client privilege exists: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *United*

*States v. Graf,* 610 F.3d 1148, 1156 (9th Cir.2010)(declining to recognize attorney /client relationship between corporate counsel and corporate employee who failed to make clear he was seeking legal advice in his individual capacity).

Communications include documents, which should be examined on a case-by-case basis to determine privilege; and whose disclosure to third parties will generally destroy the privilege. *See United States v. Moore, Ingram, Johnson & Steele, LLP* (11th Cir. 2022) (unpublished) (documents withheld from a subpoena, as part of a tax investigation, on the claim of privilege must be individually analyzed to determine their protection under the attorney-client privilege); *see also In re Pacific Pictures Corp.*, 679 F. 3d 1121 (9th Cir. 2012) (party waives attorney-client privilege forever by voluntarily disclosing privileged documents to the federal government).

**ARGUMENT**

It is clear that Ms. Hernandez sought legal advice from a professional legal adviser, in her capacity as such. *See* Exh. 1, 2; *see also Chen,* 99 F.3d at 1501 (9th Cir. 1996). Specifically, Attorney Nadler's request to Ms. Hernandez that she review, sign and return the government's proffer letter demonstrates that Attorney Nadler and Ms. Hernandez had communicated about her cooperating with the government. In anticipation of the aforementioned, and with the help of Attorney Nadler's advice and counsel, Ms. Hernandez prepared GX 510. Special attention should be given to the first line of the document, which reads, "First, I would like to thank you for this opportunity to speak to you." This sentence is corroborative evidence that the document was created in preparation for the proffer with the government, and as a result of attorney-client communication for the purpose of legal advice. Attorney Nadler confirms the same. GX510 was prepared and kept in confidence, at Ms. Hernandez' home. Its contents were never shared or read to the government during the proffer. In fact, government exhibit GX510 was obtained from the

execution of a search warrant on Ms. Hernandez' home. Neither Ms. Hernandez, nor Attorney Nadler, disclosed this document, nor authorized its disclosure by anyone; thus, the privilege has not previously been waived.

WHEREFORE, this court should enter a pre-trial ruling finding GX 510 inadmissible, as it is privileged attorney-client privilege communication.

Respectfully submitted,

| | |
|---|---|
| Puglisi Law | */s/ Sabrina Puglisi* |
| 1900 N. Bayshore Dr. Suite 1A | Sabrina Puglisi |
| Miami, FL 33132 | Fla. Bar No. 0324360 |
| Tel: (305) 403-8063 | Email: Sabrina@PuglisiCarames.com |
| | |
| | */s/ Dianne E. Caramès* |
| | Dianne E. Caramès |
| | Fla. Bar No. 68419 |
| | Email: Dianne@PuglisiCarames.com |
| | |
| Law Office of Dustin Tischler, P.A. | */s/ Dustin Tischler* |
| One Flagler Building | Dustin Tischler |
| 14 NE 1st Ave Ste 400 | Florida Bar No. 33746 |
| Miami, FL 33132-2404 | E-mail: dustin@dustintischlerlaw.com |
| Office: 305-374-4600 | |
| Cell: 305-801-6316 | |

## CERTIFICATE OF SERVICE

I HEREBY certify that on **February 7, 2023**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Dianne E. Caramès*
Dianne E. Caramès