UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cr-20152-KMM-1

UNITED STATES OF AMERICA,

v.

ELIZABETH HERNANDEZ,

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Petition of Christopher Sanchez for Ancillary Hearing ("Petition" or "Pet.") (ECF No. 215) and the Government's Motion to Amend Preliminary Order of Forfeiture to Dismiss Real Property ("Motion" or "Mot.") (ECF No. 232). The Court referred the Petition to the Honorable Lauren F. Louis, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation. (ECF No. 217). On February 24, 2025, Magistrate Judge Louis issued a Report and Recommendation ("R&R") recommending that the Petition be granted, and the Motion be granted. (ECF No. 233). No objections to the R&R were filed, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781,

784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In the Petition, Christopher Sanchez, Defendant Elizabeth Hernandez's husband, petitions the Court for an ancillary hearing pursuant to 21 U.S.C. § 853(n) to adjudicate his interest, and the interest of his minor children, in the following real property which has been forfeited to the United States: 17121 SW 281st St., Homestead, FL 33033, Parcel ID # 30-7906-005-0650 (the "Homestead, FL Property"). R&R at 1; Pet. at 1. Thereafter, the Government filed its Motion, requesting the Court amend the Preliminary Order of Forfeiture to dismiss the Homestead, FL Property from forfeiture at this time, while retaining the forfeiture money judgment. R&R at 2; Mot. at 1. According to the Motion's Certificate of Conferral, Christopher Sanchez still intends to assert his interest and that of his minor children "in the real property regardless of whether the proceedings are intended to forfeit the property or whether the proceedings are intended to foreclose on the property to satisfy restitution." Mot. at 3; R&R at 2.

In her Report and Recommendation, Magistrate Judge Louis recommends that: (1) Christopher Sanchez's Petition for Ancillary Hearing be granted; (2) the Government's Motion to Amend the Preliminary Order of Forfeiture be granted; (3) the Court release the Homestead, FL

Property from the Preliminary Order of Forfeiture; and (4) the Preliminary Order of Forfeiture (ECF No. 178) otherwise remain in full force and effect. *See generally* R&R. This Court agrees.

Accordingly, UPON CONSIDERATION of the Petition, the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 233) is ADOPTED.

Christopher Sanchez's Petition for Ancillary Hearing is GRANTED, and the Government's Motion to Amend the Preliminary Order of Forfeiture is GRANTED. The Court shall issue a forthcoming Amended Order of Forfeiture that releases the Homestead, FL Property from the Preliminary Order of Forfeiture (ECF No. 178). The Preliminary Order of Forfeiture shall otherwise remain in full force and effect.

DONE AND ORDERED in Chambers at Miami, Florida, this  11th  day of March, 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record