UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:22-cr-20152-KMM
UNITED STATES OF AMERICA,
v.
ELIZABETH HERNANDEZ,

Defendant.
_____________________________________/

FILED BY ___ D.C.
SEP 29 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

DEFENDANT'S PRO SE MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE PURSUANT TO FED. R. CRIM. P. 33(b)(1)

Defendant Elizabeth Hernandez, appearing pro se, respectfully moves this Court for a new trial under Federal Rule of Criminal Procedure 33(b)(1) on the basis of newly discovered evidence, and states:

1. TIMELINESS. The jury returned its verdict on September 20, 2023. Rule 33(b)(1) permits a motion grounded on newly discovered evidence within three years after the verdict. That period ended Sunday, September 20, 2026, and therefore runs to the next business day under Fed. R. Crim. P. 45(a)(1)(C). This motion is deposited in the institution's legal mail system on September 21, 2026, and is timely under Houston v. Lack, 487 U.S. 266 (1988).

2. THE NEWLY DISCOVERED EVIDENCE.

A. THE OCTOBER 18, 2024 BOARD OF NURSING DETERMINATION.

On or about October 18, 2024, Defendant received a letter from the Florida Department of Health, Office of the General Counsel -- Prosecution Services Unit, signed by Assistant General Counsel



Caitlin Harden, Esq., in the matter styled DOH vs. Elizabeth M. Hernandez, APRN, DOH Case Number 2024-13390. The letter states that on October 14, 2024, the Probable Cause Panel for the Board of Nursing considered a complaint filed against Defendant, and that "[a]fter careful review of all information and evidence obtained in this case, the Panel determined that probable cause of a violation does not exist and directed this case be closed."

This determination was made thirteen months after the jury's verdict and ten months after sentencing. It did not exist at the time of trial and could not have been discovered earlier by any exercise of diligence.

The Panel's investigative file is confidential under section 456.073(10), Florida Statutes, and is not disclosable without Defendant's written permission. Defendant hereby states her willingness to authorize its release in full, and requests that this Court permit its production.

B. UNCHARGED MEDICARE PART D ACTIVITY UNDER DEFENDANT'S IDENTIFIERS.

Defendant is informed and believes that the government's discovery productions contain the following, which was not presented at trial and of which Defendant first learned in August 2026:

(1) A thirteen-page Medicare Part D investigative report, IMEDIC02371, "Elizabeth Hernandez Summary of Findings," Bates HERNANDEZ-DOJ3-0000002178, prepared by Qlarant/NBI MEDIC from CMS records, documenting approximately $4,252,307 in prescription drug claims submitted under Defendant's NPI and DEA number for 1,166 beneficiaries between 2017 and 2021, consisting principally of



intravenous antibiotics and topical medications.

(2) A companion analysis, Bates HERNANDEZ-DOJ3-0000002196, prepared by the same government contractor, finding that 1,083 of those 1,166 beneficiaries -- 93 percent, accounting for $4,188,483 of the total -- had no Part B claim or Part C encounter with Defendant of any kind.

(3) A distance analysis finding that 2,770 of the prescription records, accounting for $3,579,186, were for beneficiaries located more than 500 miles from Defendant, averaging approximately 1,759 miles.

(4) A Medicare claims extract, Bates HERNANDEZ-DOJ3-0000000408, showing 191 distinct durable medical equipment suppliers submitting claims under Defendant's NPI through 97 distinct clearinghouse submitter accounts, with a single account fronting 24 suppliers.

C. BACKGROUND – THE 2020 DETERMINATION AND THE HUMANA COMPROMISED-IDENTIFIER REPORT.

Defendant further states, not as newly discovered evidence but as context for Paragraph 2.A, that she received a substantially identical letter dated April 30, 2020, signed by Assistant General Counsel Dirlie A. McDonald, in DOH Case Number 2019-46389, advising that on April 29, 2020 the same Probable Cause Panel reviewed a complaint concerning her practice during the period charged in this case and likewise found that probable cause of a violation did not exist. That letter was in existence before trial and is described here only to show that the October 2024 determination was the second such finding, not an isolated one.

Defendant further states, also not as newly discovered evidence





but as background, that on or about January 31, 2020, Humana Insurance Company's Special Investigations Unit submitted an I-MEDIC Compromised ID Report Form to Qlarant/NBI MEDIC, Bates Nos. HERNANDEZ_0000068925-26, identifying Defendant's National Provider Identifier, 1790035921, as compromised. That form states: "Based on its investigation, Humana SIU reasonably believes the above provider, Elizabeth Hernandez's prescribing identity was used without her consent to prescribe medications commonly used in footbath schemes to Humana members." This document was produced to the defense in pretrial discovery and is offered here only as corroboration that an identifier-misuse pattern was documented by an entity with no relationship to Defendant and no reason to favor her, before this prosecution began.

D. BACKGROUND – CONTEMPORANEOUS RELIANCE ON THE FLORIDA TELEHEALTH PRACTICE STANDARD.

Defendant further states, also not as newly discovered evidence but as background on her state of mind, that on November 18, 2020, she forwarded to counsel a summary of Chapter 2019-137, Laws of Florida, Florida's telehealth practice-standards statute, which took effect July 1, 2019 and which provides that a telehealth provider who conducts a patient evaluation sufficient to diagnose and treat a patient "is not required to research a patient's medical history or conduct a physical examination of the patient before using telehealth to provide health care services to the patient." Defendant forwarded this same material to counsel of record a second time on May 25, 2021. This document was in Defendant's own possession and shared with her attorneys well before trial; it is offered only to show that

Defendant's understanding of her telehealth obligations tracked the actual governing Florida standard, not to establish any element of this motion.

3. MATERIALITY. The central contested issue at trial was whether Defendant knowingly participated in a scheme to defraud or whether her provider identifiers were used by others without her knowledge.

The October 2024 determination is material because the state authority charged with regulating Defendant's practice reviewed "all information and evidence obtained" concerning her and found no probable cause of any violation -- a determination made after, and with knowledge of, her federal conviction.

The Part D materials are material because none of that conduct was charged. Medicare Part D appears nowhere in the indictment, the trial record, or the presentence report. Those prescriptions bear no clinical relationship to the telehealth practice for which Defendant was tried, and no mechanism existed by which Defendant could have issued them through the electronic signature systems that were the subject of the government's proof.

The background materials described in Paragraphs 2.C and 2.D are not offered as independent grounds for a new trial, since they were available to the defense before trial.. They are offered only to show that the theory advanced in Paragraphs 2.A and 2.B -- that Defendant's identifiers were used by others without her knowledge -- is consistent with contemporaneous, disinterested records rather than a position developed for the first time after conviction.





4. WHY THIS EVIDENCE WAS NOT DISCOVERED EARLIER. The materials identified above were produced as native spreadsheet files within productions comprising, in one instance, 171,996 documents. They were not separately identified, indexed, or described in any production index. The findings described in paragraphs 2(b) and 2(c) exist only as internal tabs within workbooks exceeding 150 megabytes. Defendant was incarcerated throughout the relevant period and had no means of reviewing native electronic discovery.

5. NO CONSENT TO RECHARACTERIZATION. This motion is brought solely under Fed. R. Crim. P. 33. It is not a motion under 28 U.S.C. Section 2255, and Defendant expressly does not consent to its recharacterization as one. See Castro v. United States, 540 U.S. 375 (2003).

6. RELIEF REQUESTED. Defendant requests that this Court:

(a) grant leave to supplement this motion through counsel;

(b) appoint counsel to represent Defendant on this motion if she is not presently represented in this Court; and

(c) upon full consideration, grant a new trial.

Defendant is proceeding without counsel and asks that this motion be construed liberally. See Haines v. Kerner, 404 U.S. 519 (1972).

DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and that I deposited this motion in the institution's internal legal mail system, first-class





postage prepaid, on September 21, 2026. 28 U.S.C. Section 1746.

Respectfully submitted,

______________________________

ELIZABETH HERNANDEZ, pro se

Register No. 96666-509

Oklahoma Federal Transfer center

7410 South Macarthur Blvd. Oklahoma city. OK 73169

(facility name and address)

Dated: September 21, 2026

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was deposited in the institution's legal mail system on September 21, 2026, addressed to the United States Attorney's Office, Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132.

______________________________

ELIZABETH HERNANDEZ

This document was generated with the assistance of Claude.

I hearby certify under penalty of perjury that, despite reliance on an AI tool, I have independently reviewed this document to confirm the accuracy and legitimacy of all cited authority, and any characterization or summary there of persuant to Rule 11 of The Federal Rules, of Civil Procedure.

Elizabeth Hernandez
9-20-2026

Elizabeth Hernandez 96666-509
Oklahoma Federal transfer Center
7410 South Macarthur Blvd.
Oklahoma City, OK. 73169




Sealed in the presence of staff

Clerk of Court
U.S. District Court, Southern District of Florida
400 North Miami Avenue
Miami, FL 33128

Sealed in the presence of staff

Sealed in the presence of staff

Sealed in the presence of staff

Sealed in the presence of staff